OPINION
{¶ 1} Betty Welles pleaded guilty to one count of fourth degree felony theft. A second count also charging fourth degree felony theft was dismissed. After receiving a presentence investigation report, the court imposed a maximum sentence of eighteen months, to be served consecutively to concurrent sentences for similar conduct imposed by Greene County and Miami County Courts. The court also ordered restitution of $74,000.
 {¶ 2} On appeal, Welles claims in her assignment of error that the sentence was excessive and contrary to law.
 I. {¶ 3} In sentencing Welles, the trial court stated in part:
 {¶ 4} "And you've been doing it now for over 20 years. You've done exactly what this man has said you did. You take people in as friends and then you use that friendship to rip them off. And you've been doing it and doing it and doing it.
 "* * * {¶ 5} "You make friends to steal from them.
 {¶ 6} "The victims in this case have suffered serious economic harm and the relationship that you caused and created and nurtured became the vehicle by which you were able to steal from them, so that relationship obviously facilitated the act.
 {¶ 7} "Under 2929.12(B) and (C) I find the offense to be on balance more serious.
 {¶ 8} "As to recidivism factors under 2929.12(D), you do have prior criminal convictions, you have not responded favorably to sanctions previously imposed, and I do not find any genuine remorse.
 {¶ 9} "Under 2929.13(B) the Court finds the Defendant has served a previous prison term and the Defendant is not amenable to community control. Prison is consistent with the sentencing purposes of the statute; that is, to punish the offense and protect the public. A minimum sentence would demean the seriousness of the offense and would not adequately protect the public.
 {¶ 10} "The Court is aware of the — through the presentence report of the Defendant's criminal history where, in fact, well over a million dollars has been stolen by this Defendant from friends, including older individuals.
 "* * * {¶ 11} "The Court finds as to a theft offense the Defendant has committed the worst form of that offense; and based upon the facts that have been placed on record, her criminal record, that's the greatest likelihood of recidivism in this case.
 "* * * {¶ 12} "The Court further finds that it is necessary to protect the public and punish the offense for this sentence to be consecutive to the sentences being served at this time out of Miami County and Greene County; finds that consecutive sentence under these facts, under these circumstances is not disproportionate.
 {¶ 13} "We have basically an ongoing criminal career that has lasted much too long. There has been no rehabilitation. Prior attempts by the system to minimize the burden placed on the Defendant have proven to be counterproductive."
 II. {¶ 14} Welles claims that the court should have found that she acted under strong provocation and that there were substantial grounds to mitigate her conduct. See R.C. 2929.12(C)(2)(4). This argument is based on a psychotherapist's statement, appended to the PSI, that Welles has obsessive compulsive disorder which, in the therapist's "professional observation," has resulted in Welles' criminal activity.
 {¶ 15} We fail to see how obsessive compulsive disorder equates with strong provocation. Nor is there any demonstration from the record that the court failed to "consider" Welles' obsessive compulsive disorder — See R.C. 2929.12(C) — which is all that was required.
 {¶ 16} Nor does the court's silence on certain other "more serious" and "less serious" factors that Welles mentions demonstrate the court failed to consider them. See R.C. 2929.12(B)(C).
 {¶ 17} Welles also complains of the court's conclusion that she showed no genuine remorse for her behavior, despite her expressions of remorse. R.C. 2929.12(D)(5). This was a credibility call for the trial court and, considering Welles' criminal record, not — in our judgment — unreasonable.
 {¶ 18} Welles' core contention is that the court should have sentenced her concurrently rather than consecutively. While she doesn't specifically argue that the court failed to make the requisite statutory finding or failed to state its reasons, we conclude that the court satisfied its statutory responsibilities.
 {¶ 19} The court found Welles had committed the worst form of the offense and posed the greatest likelihood of committing future crimes, as required by R.C. 2929.14(C) for imposition of a maximum sentence. Given that the restitution in this case was $74,000, Welles' modus operandi — as described in the PSI and by the court and Welles' prior criminal record, these findings were reasonable.
 {¶ 20} As it pertains to consecutive sentences, R.C. 2929.14(E) (4(c) provides:
 {¶ 21} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
 "* * * {¶ 22} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 23} Although the trial court's statements at sentencing do not neatly track the language of the statute, we believe the trial court made all of the findings required by R.C. 2929.14(E)(4)(c).
 {¶ 24} Finally, the trial court adequately stated its reasons for consecutive sentences. See R.C. 2929.19(B)(2)(c). The court's reference to Welles' "ongoing criminal career that has lasted much too long" states the reason for its finding.
 {¶ 25} The assignment of error is overruled.
 III. {¶ 26} The judgment will be affirmed.
Brogan, P.J. and Grady, J., concur.